CUYAHOGA COUNTY BAR ASSOCIATION *v.* PETRANCEK.

[Cite as *Cuyahoga Cty. Bar Assn. v. Petrancek*
(1996), 76 Ohio St.3d 571.]

(No. 96–987—Submitted June 25, 1996—Decided October 2, 1996.)

*Frank R. DeSantis, Ellen S. Mandell* and *Lenore Kleinman,* for relator.
*Franklin G. Kochtan,* for respondent.

*Per Curiam.* We accept the findings and recommendations of the board. We are particularly concerned that respondent should have retained his client's funds for nine years without depositing them as required by DR 9–102(A), and that, rather than seek the appointment of a successor fiduciary, he would file with the probate court documents signed in blank by the deceased executor.

Our rules require, and clients should expect, that funds given to a lawyer will be maintained in a bank account. We do not regard money in a box under an attic floorboard as the equivalent of a bank account.

Just as troubling to us is that a lawyer of some experience would not only ask his client-executor, who is a fiduciary responsible for estate administration, to sign documents in blank, but that he would also later file those documents in the probate court after the death of the client-executor. To ask an executor to sign documents in blank to be later filled out by the attorney is to imply to the client that the stringent requirements of fiduciary responsibility are mere formalities. The fiduciary's account opens with the words, "The fiduciary offers an account of his trust given below * * *. The fiduciary says that to his knowledge the account is correct * * *." The signature of a party to such a document is a certification that the contents of the document are accurate and complete to the best of the knowledge of the signator. Signing a blank account is tantamount to signing a false account. Here the respondent, as attorney for the estate, aided the executor to prepare a document which, when filed, would have placed the executor in violation of Civ.R. 11.

That, after the executor's death, respondent himself should complete and file documents previously signed in blank by the executor reveals a total disrespect for our system of probate law. In so doing, the respondent ignored the statutory requirement to seek a successor fiduciary, acted without authority, his client being deceased, and perpetrated a fraud upon the court.

Accordingly, we hereby suspend the respondent indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.