[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 269.]

AKRON BAR ASSOCIATION *V*. BARNETT.

[Cite as *Akron Bar Assn. v. Barnett*, 1997-Ohio-142.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failure to carry out contract of employment— Unwillingness to cooperate in disciplinary process.*

(No. 97-1317—Submitted August 26, 1997—Decided November 19, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-28.

————————————

{¶ 1} On September 6, 1996, relator, Akron Bar Association, filed an amended complaint charging respondent, Elaine A. Barnett of Akron, Ohio, Attorney Registration No. 0041098, with misconduct both in her handling of two client matters and in her failure to cooperate with relator's attempts to investigate the clients' grievances. Relator also alleged that respondent violated Rules for the Government of the Bar by continuing to practice law after September 1993 without maintaining registration with the Supreme Court and by failing to complete the necessary continuing legal education requirements.

{¶ 2} Respondent failed to answer the complaint. Based on relator's motion for a default judgment, a panel of the Board of Commissioners on Grievances and Discipline ("board") found the following facts. In November, 1994 Betty Weddles paid respondent a retainer of $100 to commence divorce proceedings. Thereafter, respondent took no action on behalf of Weddles, failed to respond to any inquiries by Weddles, and failed to return the $100 to her. In March 1995, Jeffrey A. LaRose retained respondent to represent him in divorce proceedings. After a November 1995 hearing in LaRose's case, the trial court instructed respondent to prepare an agreed entry and necessary documents to carry out the decree. Only after being

cited by the court did respondent file the agreed entry in February 1996. However, respondent has not yet filed the quitclaim deed required by the agreed entry. Respondent also did not cooperate with relator's attempts to investigate the grievances filed by Weddles and LaRose.

**{¶ 3}** The panel concluded that respondent's actions constituted violations of DR 6-101(A)(3) (neglect of an entrusted legal matter) and 7-101(A)(2) (failure to carry out a contract of employment). It also concluded that respondent's noncooperation in relator's investigation violated Gov.Bar R. V(4)(G), that her continuing to practice while not in good standing because she was not registered violated Gov.Bar R. VI, and that her failure to complete the necessary continuing legal education requirements violated Gov.Bar R. X. The panel recommended that respondent be suspended from the practice of law for two years with one year stayed, subject to probation and conditions.

**{¶ 4}** The board adopted the findings of the panel and concluded that respondent had violated the Disciplinary Rules as charged, but declined to rule on the violations of the Rules for the Government of the Bar. It recommended that respondent be suspended from the practice of law for two years, with one year stayed and that respondent be placed on probation under relator's monitoring. The board also directed that respondent return to Weddles and LaRose any retainers received from them.

―――――――――――――

*George W. Rooney, Jr., Peter T. Cahoon* and *Tony Paxton,* for relator.

―――――――――――――

**_Per Curiam._**

**{¶ 5}** We adopt the findings and conclusions of the panel. However, we find that a more severe sanction is warranted. We are not only concerned about respondent's neglect of client matters, but we are also troubled by her clear unwillingness to cooperate in the disciplinary process. The record indicates that

respondent ignored relator's numerous attempts to discuss the grievances filed against her and actively attempted to evade the service of the complaint. Respondent is indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., PFEIFER, COOK and Lundberg Stratton, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

―――――――――――

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 6} I would follow the board's recommendation and suspend the respondent for two years with one year stayed, requiring that the respondent be placed on probation during this period.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

―――――――――――