Lorain County Bar Association *v.* Papcke.

[Cite as *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91.]

(No. 97–1739—Submitted October 20, 1997—Decided February 18, 1998.)

*Daniel A. Cook,* for relator.

*James M. Burge* and *Harlan Stone Hertz,* for respondent.

**Per Curiam.** We adopt the findings of the board and conclude that respondent violated DR 1–102(A)(3), (4), and (6), 6–101(A)(3), and also Gov.Bar R. V(4)(G). Neglect of client matters and misleading clients into believing that their cases were filed and attended to warrant a suspension. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237. Respondent's failure to act in this case is compounded by her failure to cooperate in the disciplinary investigation. As we said in *Akron Bar Assn. v. Barnett* (1997), 80 Ohio St.3d 269, 270, 685 N.E.2d 1230, 1231, we are troubled by those attorneys who are unwilling to cooperate in a disciplinary investigation.

We are also troubled by respondent's misuse of her powers as a notary public. Attorneys in this state have the privilege of retaining their office as notary so long as they remain in good standing with this court and are residents of Ohio or maintain a place of business here. R.C. 147.03. Documents acknowledged by them are self-authenticating. Evid.R. 902(8); Fed.R.Evid. 902(8). A notary who certifies to the affidavit of a person without administering the oath or affirmation to that person as required by R.C. 147.14 is subject to a fine of up to $100 or imprisonment of up to thirty days, or both. R.C. 147.99(B).

In view of the importance of the notary's acknowledgment and the statutory penalties, lawyers must not take a cavalier attitude toward their notary responsibilities and acknowledge the signatures of persons who have not appeared before them. The principle involved is similar to that in *Cuyahoga Cty. Bar Assn. v. Petrancek* (1996), 76 Ohio St.3d 571, 669 N.E.2d 828, when an attorney for an executor had his client sign documents in blank to be completed later. In *Petrancek* we said that the attorney implied that "the stringent requirements of fiduciary responsibility are mere formalities." *Id.* at 574, 669 N.E.2d at 830. So, here, respondent would lead her client to believe that the statutory duty of a notary public is inconsequential.

Beyond the fact that these activities are a fraud on the court where the documents are filed and on all those who rely on such documents, this casual

attitude toward statutory requirements breeds disrespect for the law and for the legal profession. Lawyers, whether they are in open court or in their offices drafting documents or taking acknowledgments, have a duty to maintain high standards of professional conduct. "Respect for the law and our legal system, through both an attorney's words and actions, should be more than a platitude." *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301. If lawyers do not respect the law, we cannot expect others to respect lawyers or the law.

In this case, we suspend respondent from the practice of law for eighteen months, but we stay twelve months of the suspension on condition that respondent continue the treatment she has begun with mental health professionals, with reports every ninety days; further, that respondent select supervising attorneys in the practice areas of criminal law and domestic relations and that those attorneys submit reports to the relator at intervals of six, twelve, and seventeen months after the imposition of this sanction; and, finally, that during the stayed period respondent complete a seminar in law office management or a seminar in time and stress management.

Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.