OFFICE OF DISCIPLINARY COUNSEL *v.* BANDY.

[Cite as *Disciplinary Counsel v. Bandy* (1998), 81 Ohio St.3d 291.]

(No. 97–1742—Submitted December 9, 1997—Decided March 25, 1998.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*Douglas L. Perras,* for respondent.

---

**Per Curiam.** In 1989, respondent drafted a will for a client in which the respondent was named a beneficiary. In 1996, we amended DR 5–101(A) to add subparagraph (2), which prohibits a lawyer from preparing such a will except in very limited circumstances. Because the will in this case was prepared prior to 1996, we are guided by *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 567 N.E.2d 1291, in which we held that sanctions would be imposed in situations such as this only if the lawyer who drafted the will failed to rebut the presumption of undue influence.

In the instant case the board concluded that relator had presented clear and convincing evidence that respondent's drafting of the will was reasonably affected by his own interests, particularly in the cancellation of the debt he owed to the testator, and thus was a violation of DR 5–101(A)(1). We agree with the board.

More disturbing to us, as it was to the board, was respondent's attempt to validate Meredith's will six years after its execution. After Meredith's death, respondent noted that he was both a beneficiary and witness to the will. At the time, respondent believed that if a beneficiary was one of only two witnesses to a will, the entire will would be invalid. Respondent therefore sought and obtained the signature of his former secretary as a third witness to Meredith's will. He then presented the will with the additional signature for probate.

Respondent obtained the additional signature, believing that a witness who saw a will signed could attest to it at a later date and that his former secretary observed Meredith signing a document six years earlier that she thought was his will. However, it is not enough that a witness to a will observes the testator's signature. The statute is clear that the witness must subscribe the will in the presence of the testator. R.C. 2107.03 provides that "[a] will shall be signed at the end by the party making it * * * and be attested and subscribed *in the presence of such party,* by two or more competent witnesses who saw the testator subscribe, or heard him acknowledge his signature." (Emphasis added.) In addition, the attestation to this will states that the document was signed by the witnesses in the presence of the testator. Although respondent claims that his acts were based on a misunderstanding of the law, and were unintentional, by

obtaining his secretary's signature, respondent induced her to subscribe to a false statement. By filing the document with the probate court, he misrepresented the facts to that tribunal.

We have previously expressed our concern about attorneys who take a cavalier attitude toward statutory requirements and the truth of the representations they make. In *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 689 N.E.2d 549, we disciplined an attorney who acknowledged the signatures of persons who had not appeared before her. We noted that such "activities are a fraud on the court where the documents are filed and on all those who rely on such documents, [and that] this casual attitude toward statutory requirements breeds disrespect for the law and for the legal profession." In *Cuyahoga Cty. Bar Assn. v. Petrancek* (1996), 76 Ohio St.3d 571, 669 N.E.2d 828, we disciplined an attorney who had his client sign documents in blank to be completed later. We said that the attorney implied that "the stringent requirements of fiduciary responsibility are mere formalities." *Id.* at 574, 669 N.E.2d at 830. As we said in *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301, "Respect for the law and our legal system, through both an attorney's words and actions, should be more than a platitude." If lawyers do not respect the law, we cannot expect others to respect lawyers or the law.

In this case respondent, by inducing his secretary to sign a false statement and then by filing the document with the probate court, violated DR 1–102(A)(4) and (5). We said in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, and recently repeated in *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538, "[w]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." Here, respondent's violations of both DR 1–102(A) and DR 5–101(A)(1) warrant an actual suspension.

We therefore adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for two years with eighteen months of the suspension stayed. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.