**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 291.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. BANDY.

**[Cite as *Disciplinary Counsel v. Bandy*, 1998-Ohio-509.]**

*Attorneys at law—Misconduct—Two-year suspension with eighteen months stayed—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Accepting employment when professional judgment reasonably may be affected by financial or personal interest.*

(No. 97-1742—Submitted December 9, 1997—Decided March 25, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-102.

———————————

{¶ 1} In 1989, Kenneth D. Meredith engaged respondent, Erwin J. Bandy of Paulding, Ohio, Attorney Registration No. 0025268, to draft a will. The will drafted by respondent included a provision which canceled a $10,000 note respondent owed to Meredith, and another which gave respondent first right to purchase furniture and household goods from Meredith's estate. The will was witnessed by respondent and by Christine R. Holtsberry, both of whom signed the attestation, "We, whose names are hereto subscribed, Do Certify that on the 30th day of January, 1990[,] the Testator above named, subscribed his name to this instrument in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be his Last Will and Testament, and requested us and each of us, to sign our names thereto as witnesses to the execution thereof, which we hereby do in the presence of the testator and of each other, on the day of the date of the said Will, and write opposite our names our respective places of residence."

**{¶ 2}** Meredith died in May 1996, and the executor employed respondent as counsel for the estate. In June 1996 at respondent's request, Debra L. Mericle, his former secretary, signed a blank signature line on the will, thereby purporting to be an additional witness to the Meredith will. In January 1990, Mericle had observed Meredith sign what she believed to be his will, but she did not sign as a witness then. Respondent filed the Meredith will for probate in the Paulding County Probate Court in July 1996. Shortly thereafter, the executor discharged respondent and employed new counsel to represent the estate. In July 1996, respondent disclaimed his interest under the will and paid the debt he owed to the estate.

**{¶ 3}** In December 1996, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's actions violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 5-101(A)(1) (accepting employment where the lawyer's professional judgment reasonably may be affected by the lawyer's financial or personal interest). Respondent's answer admitted the actions alleged but denied any disciplinary violation.

**{¶ 4}** A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on May 19, 1997, found the facts as alleged, and concluded that respondent had violated the Disciplinary Rules as charged. After receiving evidence in mitigation, including four character witnesses and nineteen letters describing respondent's outstanding qualities as an attorney, the panel recommended that respondent be suspended from the practice of law for two years with eighteen months of the suspension stayed. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Douglas L. Perras,* for respondent.

_____

**Per Curiam.**

{¶ 5} In 1989, respondent drafted a will for a client in which the respondent was named a beneficiary. In 1996, we amended DR 5-101(A) to add subparagraph (2), which prohibits a lawyer from preparing such a will except in very limited circumstances. Because the will in this case was prepared prior to 1996, we are guided by *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 567 N.E.2d 1291, in which we held that sanctions would be imposed in situations such as this only if the lawyer who drafted the will failed to rebut the presumption of undue influence.

{¶ 6} In the instant case the board concluded that relator had presented clear and convincing evidence that respondent's drafting of the will was reasonably affected by his own interests, particularly in the cancellation of the debt he owed to the testator, and thus was a violation of DR 5-101(A)(1). We agree with the board.

{¶ 7} More disturbing to us, as it was to the board, was respondent's attempt to validate Meredith's will six years after its execution. After Meredith's death, respondent noted that he was both a beneficiary and witness to the will. At the time, respondent believed that if a beneficiary was one of only two witnesses to a will, the entire will would be invalid. Respondent therefore sought and obtained the signature of his former secretary as a third witness to Meredith's will. He then presented the will with the additional signature for probate.

{¶ 8} Respondent obtained the additional signature, believing that a witness who saw a will signed could attest to it at a later date and that his former secretary observed Meredith signing a document six years earlier that she thought was his will. However, it is not enough that a witness to a will observes the testator's signature. The statute is clear that the witness must subscribe the will in the presence of the testator. R.C. 2107.03 provides that "[a] will shall be signed at the end by the party making it * * * and be attested and subscribed *in the presence of*

*such party*, by two or more competent witnesses who saw the testator subscribe, or heard him acknowledge his signature." (Emphasis added.) In addition, the attestation to this will states that the document was signed by the witnesses in the presence of the testator. Although respondent claims that his acts were based on a misunderstanding of the law, and were unintentional, by obtaining his secretary's signature, respondent induced her to subscribe to a false statement. By filing the document with the probate court, he misrepresented the facts to that tribunal.

{¶ 9} We have previously expressed our concern about attorneys who take a cavalier attitude toward statutory requirements and the truth of the representations they make. In *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 689 N.E.2d 549, we disciplined an attorney who acknowledged the signatures of persons who had not appeared before her. We noted that such "activities are a fraud on the court where the documents are filed and on all those who rely on such documents, [and that] this casual attitude toward statutory requirements breeds disrespect for the law and for the legal profession." In *Cuyahoga Cty. Bar Assn. v. Petrancek* (1996), 76 Ohio St.3d 571, 669 N.E.2d 828, we disciplined an attorney who had his client sign documents in blank to be completed later. We said that the attorney implied that "the stringent requirements of fiduciary responsibility are mere formalities." *Id*. at 574, 669 N.E. 2d at 830. As we said in *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301, "Respect for the law and our legal system, through both an attorney's words and actions, should be more than a platitude." If lawyers do not respect the law, we cannot expect others to respect lawyers or the law.

{¶ 10} In this case respondent, by inducing his secretary to sign a false statement and then by filing the document with the probate court, violated DR 1-102(A)(4) and (5). We said in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, and recently repeated in *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538, "[w]hen an attorney

4

engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time."  Here, respondent's violations of both DR 1-102(A) and DR 5-101(A)(1) warrant an actual suspension.

{¶ 11} We therefore adopt the recommendation of the board.  Respondent is hereby suspended from the practice of law for two years with eighteen months of the suspension stayed.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————