CINCINNATI BAR ASSOCIATION *v.* REISENFELD. (TWO CASES.)

[Cite *as Cincinnati Bar Assn. v. Reisenfeld* (1998), 84 Ohio St.3d 30.]

(Nos. 98–382 and 98–383—Submitted July 8,
1998—Decided November 18, 1998.)

*Frederick O. Kiel, Gates T. Richards* and *Edwin W. Patterson III,* General Counsel, for relator.

*John H. Burlew,* for respondents.

*Per Curiam.* We adopt the findings and conclusion of the board. In determining a sanction to be imposed, we consider the duty violated, the lawyer's mental state, the injury caused, and the existence of mitigating circumstances. *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568, and cases cited therein.

We have previously said that "lawyers must not take a cavalier attitude toward their notary responsibilities." *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 93, 689 N.E.2d 549, 551. Respondents did notarize signatures that were inscribed in their presence, Sylvan did produce accurate renditions of the statements made by the clients over these signatures, and although Bradley failed to accurately reproduce Erdman's statements, Erdman did not suffer any damage. Nonetheless, respondents' actions violated the duties imposed upon notaries by R.C. Chapter 147.

In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, and in later opinions, we said that "[w]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." See *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320, 699 N.E.2d 933. Respondents, however, took these improper

actions in only a few isolated cases that they believed presented emergency situations, and their actions caused no damage to any client. Respondents' actions were but a few isolated incidents in otherwise unblemished legal careers, not a course of conduct. Additionally, respondents cooperated with relator in its investigation.

We therefore adopt the recommendation of the board with respect to respondent Sylvan Reisenfeld. Sylvan Reisenfeld is hereby publicly reprimanded. But in light of the fact that Bradley Reisenfeld inaccurately added a statement—one that Erdman allegedly never made—to Erdman's affidavit, Bradley's conduct warrants a harsher sanction. Bradley Reisenfeld is hereby suspended from the practice of law for six months, with the entire six months suspended. Costs are taxed to respondents.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in part and dissents in part.

———

**DOUGLAS, J., concurring in part and dissenting in part.** I concur with the majority with regard to the sanction imposed on respondent Sylvan P. Reisenfeld. I dissent as to the sanction imposed on Bradley A. Reisenfeld. I would impose a public reprimand.