[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 30.]

CINCINNATI BAR ASSOCIATION *v.* REISENFELD. (TWO CASES.)

[Cite *as Cincinnati Bar Assn. v. Reisenfeld*, 1998-Ohio-307.]

*Attorneys at law—Misconduct—Public reprimand—Improperly executing and filing notarized affidavits in the Hamilton County Domestic Relations Court—Six-month suspension with entire sanction suspended—Improperly executing and filing notarized affidavits in the Hamilton County Domestic Relations Court.*

(Nos. 98-382 and 98-383—Submitted July 8, 1998—Decided November 18, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-66.

————————————

{¶ 1} On August 12, 1996, relator, Cincinnati Bar Association, filed a complaint charging that respondents Sylvan P. Reisenfeld, Attorney Registration No. 0003089, and Bradley A. Reisenfeld, Attorney Registration No. 0043879, both of Cincinnati, Ohio, violated several Disciplinary Rules by improperly executing and filing notarized affidavits in the Hamilton County Domestic Relations Court.

{¶ 2} The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which found that on six occasions between 1991 and 1995, respondent Bradley Reisenfeld dictated an affidavit in a client's presence, and then had the client sign blank sheets of paper. After the client left Bradley's office, Bradley caused the affidavits based on his dictation to be printed above the client's signatures. Bradley then notarized the signatures, filed the papers with the Hamilton County Domestic Relations Court, and sent copies to the client. The panel found that on two other occasions in 1995, respondent Sylvan Reisenfeld employed the same procedure. The respondents

testified that these were all urgent matters requiring prompt attention. None of the clients obtained any advantage through filing these papers in this manner. None of the clients, with the exception of Deborah Erdman, ever indicated that the language in the affidavits was inaccurate or improper.

{¶ 3} Erdman claimed that she had a restraining order against her husband and retained Bradley in October 1995 on the recommendation of a social service worker. Erdman said that at the meeting with Bradley she thought he was taking financial information to justify support payments. Because Bradley had to leave the meeting and Erdman had to pick up her children from school, Bradley had Erdman sign the lower right hand corner of some blank pieces of paper. Later, Bradley completed several documents to be filed in domestic relations court on the papers signed by Erdman. One of those documents was an affidavit that Erdman's husband had physically threatened her, a statement that Erdman said she had never made to Bradley. Bradley claimed the affidavit was dictated in Erdman's presence. After this, Erdman discharged Bradley, and he returned the unearned portion of Erdman's fee.

{¶ 4} As soon as the investigation of Bradley began, the respondents terminated the practice of taking signatures on blank paper and cooperated with the relator. Sylvan disclosed the two similar affidavits that he had prepared.

{¶ 5} The panel concluded that respondents violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). In view of the respondents' cooperation in the investigation, their good reputation as lawyers, and the fact that their improper notarizations occurred in only a few cases over a long period of time, and all involved emergency situations, the panel recommended that respondents receive a public reprimand. The board adopted the findings, conclusion, and recommendation of the panel.

_____

*Frederick O. Kiel, Gates T. Richards* and *Edwin W. Patterson III*, General Counsel*, for relator.

*John H. Burlew,* for respondents.

———————————

**Per Curiam.**

{¶ **6**} We adopt the findings and conclusion of the board. In determining a sanction to be imposed, we consider the duty violated, the lawyer's mental state, the injury caused, and the existence of mitigating circumstances. *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568, and cases cited therein.

{¶ **7**} We have previously said that "lawyers must not take a cavalier attitude toward their notary responsibilities." *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 93, 689 N.E.2d 549, 551. Respondents did notarize signatures that were inscribed in their presence, Sylvan did produce accurate renditions of the statements made by the clients over these signatures, and although Bradley failed to accurately reproduce Erdman's statements, Erdman did not suffer any damage. Nonetheless, respondents' actions violated the duties imposed upon notaries by R.C. Chapter 147.

{¶ **8**} In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, and in later opinions, we said that "[w]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." See *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320, 699 N.E.2d 933. Respondents, however, took these improper actions in only a few isolated cases that they believed presented emergency situations, and their actions caused no damage to any client. Respondents' actions were but a few isolated incidents in otherwise unblemished legal careers, not a

course of conduct. Additionally, respondents cooperated with relator in its investigation.

{¶ 9} We therefore adopt the recommendation of the board with respect to respondent Sylvan Reisenfeld. Sylvan Reisenfeld is hereby publicly reprimanded. But in light of the fact that Bradley Reisenfeld inaccurately added a statement – one that Erdman allegedly never made – to Erdman's affidavit, Bradley's conduct warrants a harsher sanction. Bradley Reisenfeld is hereby suspended from the practice of law for six months, with the entire six months suspended. Costs are taxed to respondents.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in part and dissents in part.

———————————

**DOUGLAS, J., concurring in part and dissenting in part.**

{¶ 10} I concur with the majority with regard to the sanction imposed on respondent Sylvan P. Reisenfeld. I dissent as to the sanction imposed on Bradley A. Reisenfeld. I would impose a public reprimand.

———————————