[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 153.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* PETRANCEK.

[Cite as *Cuyahoga Cty. Bar Assn. v. Petrancek*, 1998-Ohio-588.]

*Attorneys at law—Misconduct–Permanent disbarment—Neglect of an entrusted legal matter—Failing to refund promptly any part of fee paid in advance that has not been earned—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 98-759—Submitted June 10, 1998—Decided December 2, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-82.

_____

{¶ 1} In May 1996, William Nemeth retained respondent, Frank W. Petrancek of Cleveland, Ohio, Attorney Registration No. 0029187, and paid him a retainer of $500 to handle the estate of Nemeth's deceased father. At the time, Nemeth gave respondent his father's will, insurance certificates, receipts, and other documents pertaining to the estate. Between May and October 1996, Nemeth telephoned respondent's office every two weeks, but respondent did not return his calls.

{¶ 2} On October 2, 1996, we indefinitely suspended respondent from the practice of law in Ohio. *Cuyahoga Cty. Bar Assn. v. Petrancek* (1996), 76 Ohio St.3d 571, 669 N.E.2d 828. When Nemeth discovered that respondent had been suspended, he contacted respondent's office in an attempt to retrieve his father's records and obtain a refund of the $500. Respondent, who had not opened an estate for Nemeth's father, returned the documents, but refused to return the money, claiming that he had done sufficient work to earn the retainer.

**{¶ 3}** On October 13, 1997, relator, Cuyahoga County Bar Association, filed a complaint charging that respondent's conduct violated DR 6-101(A)(3) (an attorney shall not neglect a legal matter entrusted to him) and 2-110(A)(3) (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned). The complaint also alleged that, although on December 2, 1996 respondent filed a purported compliance, he did not fully comply with the court's order of October 2, 1996, which required, *inter alia,* that he pay the costs of the October 2, 1996 proceeding in the amount of $1,948.31. The relator charged that this failure to comply violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (engaging in conduct prejudicial to the administration of justice), and (6) (engaging in conduct that adversely reflects upon his fitness to practice law). The complaint was served upon respondent by certified mail. When respondent failed to file an answer or otherwise plead, relator filed a motion for default judgment.

**{¶ 4}** Based on the complaint, the motion, and the affidavits attached to the motion, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found the facts as alleged and concluded that respondent had violated the Disciplinary Rules as charged. The panel recommended that respondent be disbarred from the practice of law in Ohio. The board adopted the findings of fact and conclusions of law of the panel but, in light of the entire record, recommended that respondent be indefinitely suspended from the practice of law.

_____

*Lenore Kleinman* and *Howard A. Schulman,* for relator.

_____

***Per Curiam.***

{¶ **5**} We adopt the findings and conclusions of the board. On occasions where there has been prior discipline, disbarment is appropriate when the lawyer knowingly violates the terms of the prior disciplinary order and that violation causes actual or potential injury to a client, the public, the legal system, or the profession. We adopt the panel's recommendation. Respondent is hereby disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____