KENTUCKY BAR ASSOCIATION,
Petitioner,

v.

Bradley Aaron REISENFELD,
Respondent.

99-SC-0750-KB.

Supreme Court of Kentucky.

Nov. 18, 1999.

*OPINION AND ORDER*

The respondent, Bradley Aaron Reisenfeld, was publicly reprimanded in Ohio for improperly executing and filing client affidavits. *Cincinnati Bar Ass'n v. Reisenfeld,* 84 Ohio St.3d 30, 701 N.E.2d 973 (1998). Upon motion by the Kentucky Bar Association, (KBA), this Court issued a show cause order directing Respondent to show cause, if any, pursuant to SCR 3.435(2)(b) why the imposition of identical discipline would be unwarranted. SCR 3.435(4) states in pertinent part:

> [T]his Court shall impose the identical discipline unless Respondent proves by substantial evidence:
>
> (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or
>
> (b) that misconduct established warrants substantially different discipline in this State.

SCR 3.435(4). Respondent did not respond to this Court's Order and thus failed to show cause why identical discipline should not be imposed in this Commonwealth.

The Ohio Supreme Court found that on six occasions between 1991 and 1995, Respondent dictated an affidavit in a client's presence, upon which the client signed blank sheets of paper. Respondent then caused the affidavit to be printed, as dictated, above the client's signature after the client left the office. Respondent thereafter notarized the client's signature, filed copies with the court, and sent copies to the client. Respondent testified that such practice was a result of urgent matters requiring prompt attention. With one exception, none of Respondent's clients indicated that these affidavits included improper or inaccurate language. Upon the investigation of Respondent by the Cincinnati Bar Association, Respondent discontinued this practice.

The Ohio Supreme Court adopted the findings of the Ohio Board of Commissioners on Grievances and Discipline of the Supreme Court and found Respondent guilty of violating DR 1–102(A)(4) by "[e]ngag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." Because of his cooperation with the investiga-

tion, his good reputation as a lawyer and the infrequency and circumstances of the improper notarizations, Respondent was given a public reprimand. Respondent was also suspended from the practice of law for a period of six (6) months resulting from his representation of one client who contested the accuracy of an affidavit prepared by Respondent. This suspension was stayed.

Respondent's conduct violated SCR 3.130–8.3(c), which similarly provides that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation." Since Respondent failed to show cause why identical discipline should not be imposed in this Commonwealth, Bradley Aaron Reisenfeld is hereby publicly reprimanded for his misconduct as set forth above. Respondent is further ordered to pay any and all costs associated with this disciplinary proceeding pursuant to SCR 3.450.

All concur.

WINTERSHEIMER, J., not sitting.

ENTERED: November 18, 1999.

/s/ JOSEPH E. LAMBERT
CHIEF JUSTICE