**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 161.]**

**OFFICE OF DISCIPLINARY COUNSEL *v.* PAPCKE.**

**[Cite as *Disciplinary Counsel v. Papcke*, 2000-Ohio-291.]**

*Attorneys at law—Misconduct—Remainder of existing six-month, nonstayed suspension from previous disciplinary case to be served, then followed by indefinite suspension–Engaging in a course of conduct involving several clients over a significant period of time in which forged signatures of those clients were notarized.*

(No. 99-1888—Submitted December 15, 1999—Decided February 23, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-58.

———————————

{¶ 1} On June 3, 1997, a Lorain County Grand Jury indicted respondent, Mary E. Papcke of Grafton, Ohio, Attorney Registration No. 0010560, on ten counts of forgery in violation of R.C. 2913.31(A)(3). The ninth and tenth counts of the indictment charged respondent with uttering, or possessing with purpose to utter, documents containing the forged signature of her client, Sharon Brown. These two counts were involved in *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 689 N.E.2d 549.

{¶ 2} The remaining eight counts in the indictment, which are the subject of this disciplinary proceeding against respondent, charged her with uttering, or possessing with purpose to utter, several written documents containing the forged signatures of several clients besides Sharon Brown. More specifically, from approximately January 1994 through August 1996, respondent notarized seven Uniform Child Custody Jurisdiction Act affidavits and one child-support worksheet purporting to contain signatures of her clients but were in fact signatures forged by respondent's secretary.

**{¶ 3}** In September 1997, the common pleas court convicted respondent of nine of the ten counts of forgery, including all eight counts pertinent to this case. Shortly thereafter, respondent notified her clients of her convictions, voluntarily closed her law office, and stopped practicing law. In November 1997, the common pleas court sentenced respondent to six months' probation. In sentencing respondent, the common pleas court judge stated that he had never seen a presentence investigation report as clean as the one for respondent and that it was "unlikely that [respondent] will again engage in an offensive course of conduct."

**{¶ 4}** On February 18, 1998, in the previous disciplinary proceeding against respondent involving her client, Sharon Brown, we concluded that respondent's misconduct warranted a suspension from the practice of law in Ohio for eighteen months, with twelve months of the suspension stayed upon certain conditions. *Lorain Cty. Bar Assn. v. Papcke*, 81 Ohio St.3d at 94, 689 N.E.2d at 551-552. On March 31, 1998, we issued an interim suspension from the practice of law in Ohio against respondent as a result of her felony convictions pursuant to Gov.Bar R. V(5)(A)(4). *In re Papcke* (1998), 81 Ohio St.3d 1491, 691 N.E.2d 1054.

**{¶ 5}** On August 10, 1998, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with violating several Disciplinary Rules based upon the forgery convictions charged in the first eight counts of her 1997 indictment. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") upon the stipulations, exhibits, and testimony of the parties.

**{¶ 6}** The panel found the facts as previously set forth and concluded that, as the parties had stipulated, respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1-102(A)(6) (engaging in conduct that adversely reflects on lawyer's fitness to practice law).

**{¶ 7}** In mitigation, the panel found that respondent had been receiving therapy from a clinical psychologist since February 1995 and that she had been diagnosed as suffering from adjustment disorder, major depression, and post-traumatic stress disorder at different times during her therapy. Respondent has volunteered in the New Life Hospice, participated in the twelve-step program of Emotions Anonymous, and taken various continuing legal education, management, and personal-growth courses. Respondent conceded her guilt regarding her forgery convictions and cooperated fully with relator in the disciplinary proceeding.

**{¶ 8}** The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio with credit for time served from February 18, 1998; that, as a condition of any future reinstatement to the practice of law, respondent be evaluated by a court-appointed psychologist to determine whether her emotional health is safe to practice law; and that any future reinstatement be accompanied by a twelve-month probationary period, including attorney and psychological monitoring. The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be suspended indefinitely from the practice of law in Ohio with credit for time served from February 18, 1998.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kevin L. Williams*, Assistant Disciplinary Counsel, for relator.

*Kegler, Brown, Hill & Ritter* and *Geoffrey Stern*, for respondent.

————————————

*Per Curiam*.

**{¶ 9}** We adopt the findings of fact and conclusions of law of the board. " '[W]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time.' " *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 78, 689 N.E.2d 538, 539, quoting *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240.

**{¶ 10}** Respondent engaged in a course of conduct involving several clients over a significant period of time in which she notarized forged signatures of those clients. " '[L]awyers must not take a cavalier attitude toward their notary responsibilities.' " *Cincinnati Bar Assn. v. Reisenfeld* (1998), 84 Ohio St.3d 30, 31, 701 N.E.2d 973, 974, quoting *Papcke*, 81 Ohio St.3d at 93, 689 N.E.2d at 551.

**{¶ 11}** Respondent is hereby ordered to serve the remainder of her existing six-month, nonstayed suspension from her previous disciplinary case, and then she will be indefinitely suspended from the practice of law in Ohio, but with credit for the interim suspension (from March 31, 1998 until today) for her felony convictions. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents and would suspend respondent indefinitely.

LUNDBERG STRATTON, J., dissents because she would not grant credit for the interim suspension.

_____