OFFICE OF DISCIPLINARY COUNSEL *v.* PAPCKE.

[Cite as *Disciplinary Counsel v. Papcke* (2000), 88 Ohio St.3d 161.]

(No. 99–1888—Submitted December 15, 1999—Decided February 23, 2000.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kevin L. Williams,* Assistant Disciplinary Counsel, for relator.

*Kegler, Brown, Hill & Ritter* and *Geoffrey Stern,* for respondent.

***Per Curiam.*** We adopt the findings of fact and conclusions of law of the board. " '[W]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time.' " *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 78, 689 N.E.2d 538, 539, quoting *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240.

Respondent engaged in a course of conduct involving several clients over a significant period of time in which she notarized forged signatures of those

clients. " '[L]awyers must not take a cavalier attitude toward their notary responsibilities.' " *Cincinnati Bar Assn. v. Reisenfeld* (1998), 84 Ohio St.3d 30, 31, 701 N.E.2d 973, 974, quoting *Papcke*, 81 Ohio St.3d at 93, 689 N.E.2d at 551.

Respondent is hereby ordered to serve the remainder of her existing six-month, nonstayed suspension from her previous disciplinary case, and then she will be indefinitely suspended from the practice of law in Ohio, but with credit for the interim suspension (from March 31, 1998 until today) for her felony convictions. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents and would suspend respondent indefinitely.

LUNDBERG STRATTON, J., dissents because she would not grant credit for the interim suspension.