1208

OFFICE OF DISCIPLINARY COUNSEL *v.* PAPCKE.

**[Cite as *Disciplinary Counsel v. Papcke* (2001), 94 Ohio St.3d 1208.]**

(No. 99–1888—Submitted November 28, 2001—Decided December 20, 2001.)

This cause came on for further consideration upon the filing of a petition for reinstatement by respondent, Mary E. Papcke, a.k.a. Mary Elizabeth Papcke. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The Board of Commissioners on Grievances and Discipline filed its final report in this court on August 29, 2001, recommending that Mary E. Papcke, a.k.a. Mary Elizabeth Papcke, be reinstated to the practice of law in the state of Ohio. No objections to said final report were filed.

The court now considers its order of February 23, 2000, in which it ordered respondent to serve the remainder of her existing six-month, non-stayed suspension entered in Supreme Court case No. 97–1739 and further ordered that she then serve an indefinite suspension in Supreme Court case No. 99–1888, effective July 11, 2000, with credit for the interim suspension served from March 31, 1998 until February 23, 2000, in Supreme Court case No. 98–736. On consideration thereof, and the final report of the Board of Commissioners on Grievances and Discipline,

IT IS ORDERED by the court that the respondent, Mary E. Papcke, a.k.a. Mary Elizabeth Papcke, Attorney Registration No. 0010560, last known address in Parma Heights, Ohio, be, and hereby is, reinstated to the practice of law in Ohio.

IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $777.63, less the deposit of $500, for a total balance due of $277.63, which costs shall be payable to this court on or before ninety days from the date of this order, by certified check or money order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs. It is further ordered that if costs are not paid in full on or before ninety days from the date of this order, respondent may be found in contempt and may be suspended until costs, including any accrued interest, are paid in full.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be

made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier cases, see *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 689 N.E.2d 549; *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 1473, 690 N.E.2d 1291; *In re Papcke* (1998), 81 Ohio St.3d 1491, 691 N.E.2d 1054; and *Disciplinary Counsel v. Papcke* (2000), 88 Ohio St.3d 161, 724 N.E.2d 407.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.