[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 116.]

LORAIN COUNTY BAR ASSOCIATION *v*. KENNEDY.

[Cite as *Lorain Cty. Bar Assn. v. Kennedy*, 2002-Ohio-1943.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio prepared two quitclaim deed forms for another individual—Engagement in the unauthorized practice of law enjoined.*

(No. 01-2193—Submitted January 30, 2002—Decided April 24, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL009.

*Per Curiam.*

{¶ 1} In February 2000, respondent, Renee Kennedy, a notary public in Savannah, Ohio, prepared and notarized in advance two quitclaim deeds which had not been signed by the grantor or witnesses. On November 20, 2000, relator, Lorain County Bar Association, filed a complaint charging that by preparing the quitclaim deeds, respondent, who is not and has never been a lawyer, was engaging in the unauthorized practice of law. Respondent admitted that she had filled out the quitclaim deed forms but denied that she had practiced law. Respondent also admitted that she had notarized the quitclaim deeds before they were submitted to the grantor.

{¶ 2} The matter was submitted to the Board of Commissioners on the Unauthorized Practice of Law ("board"). Based on the stipulations of the parties and a deposition of the proposed grantor, the board found the facts as stated and concluded that respondent's conduct did constitute the practice of law and recommended that she be enjoined from such further activities.

{¶ 3} On review, we accept the facts as stipulated. Based upon our holding in *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, we said in *Disciplinary Counsel v. Doan* (1997), 77 Ohio St.3d 236,

237, 673 N.E.2d 1272, that "the practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property." In preparing quitclaim deeds, respondent was engaged in the practice of law.

{¶ 4} Of importance to us, although not related to respondent's practice of law, is her neglect of her duty as a notary. A notary, under R.C. 147.07, has the power to administer oaths and take and certify acknowledgements of deeds. This is an important responsibility. As we said in *Lorain Cty. Bar Assn. v. Papcke* (1998), 81 Ohio St.3d 91, 93, 689 N.E.2d 549, "Documents acknowledged by [a notary] are self-authenticating. Evid.R. 902(8); Fed.R.Evid. 902(8). A notary who certifies to the affidavit of a person without administering the oath or affirmation to that person as required by R.C. 147.14 is subject to a fine of up to $100 or imprisonment of up to thirty days, or both. R.C. 147.99(B)." For that reason, we recognized that notaries "must not take a cavalier attitude toward their notary responsibilities and acknowledge the signature of persons who have not appeared before them." *Papcke* at 93, 689 N.E.2d 549.

{¶ 5} Respondent is hereby enjoined from further acts that constitute the practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Marillyn Fagan Damelio,* for relator.

*Mary Ann Rabin,* for respondent.

_____