**DISCIPLINARY COUNSEL *v*. KOEHLER.**

**[Cite as *Disciplinary Counsel v. Koehler,***

**132 Ohio St.3d 465, 2012-Ohio-3235.]**

*Attorneys—Misconduct—Engaging in conduct involving dishonesty, fraud, deceit,*
*or misrepresentation and conduct adversely reflecting on fitness to*
*practice law—Six-month suspension, stayed on condition of no further*
*misconduct.*

(No. 2011-2059—Submitted January 18, 2012—Decided July 19, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 11-054.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Mark William Koehler of Columbus, Ohio, Attorney
Registration No. 0061126, was admitted to the practice of law in the state of Ohio
in 1993. In June 2011, relator, disciplinary counsel, filed a complaint charging
him with violating Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in
conduct involving dishonesty, fraud, deceit, or misrepresentation), (d) (prohibiting
a lawyer from engaging in conduct that is prejudicial to the administration of
justice), and (h) (prohibiting a lawyer from engaging in conduct that adversely
reflects on the lawyer's fitness to practice law). On October 24, 2011,
disciplinary counsel and Koehler stipulated that Koehler violated Prof.Cond.R.
8.4(c), (d), and (h). The parties also stipulated to the facts and to a sanction of a
six-month suspension, with the term stayed in its entirety.

**{¶ 2}** A panel of the Board of Commissioners on Grievances and
Discipline conducted a hearing on the complaint and heard testimony from
Koehler. The panel found, and the board agreed, that Koehler violated the

aforementioned rules. The panel recommended that the stipulated sanction be imposed, and the board adopted the recommendation. After reviewing the record, we adopt the recommended sanction and suspend Koehler for six months, all stayed.

*Misconduct*

{¶ 3} Dennis Wilson hired Koehler to probate his wife's estate and later hired him to probate his brother's estate and serve as its administrator. In September 2010, Wilson informed Koehler that an account held in his brother's name at KeyBank in the amount of $13,736.86 was going to be remitted to unclaimed funds within 30 days. Wilson asked Koehler to secure these funds and gave Koehler verbal authorization to take any necessary steps to do so. Koehler discovered that the account was payable on death to Wilson, and he therefore was unable to secure the funds as the administrator of Wilson's brother's estate. KeyBank informed Koehler that to be able to secure the funds, Koehler would have to obtain authorization from Wilson.

{¶ 4} After unsuccessfully attempting to obtain authorization from Wilson, Koehler executed a letter of authorization in Wilson's name. Koehler took his secretary's notary stamp and notarized the authorization, signing both his secretary's name and Wilson's name. Koehler presented the authorization to KeyBank and later took possession of a check for the balance in the account. Koehler deposited the check into his client trust account, finalized Wilson's wife's estate, and sent the remaining amount, $11,311.36, to Wilson.

{¶ 5} Koehler's secretary filed a grievance with the Office of Disciplinary Counsel, claiming that Koehler had improperly notarized a document by signing her name and using her notary stamp. After an investigation was conducted, the parties stipulated to the described facts. The parties also stipulated that Koehler's conduct violated Prof.Cond.R. 8.4(c), (d), and (h). The parties

agreed to the imposition of a six-month suspension, with the term stayed in its entirety.

{¶ 6} The panel recommended approval of the stipulated sanction, and the board adopted the findings of fact, conclusions of law, and recommendation of the panel.

*Sanction*

{¶ 7} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 8} Mitigating factors found by the board include the absence of a dishonest or selfish motive and Koehler's lack of a prior disciplinary record. *See* BCGD Proc.Reg. 10(B)(2)(a) and (b). While the board found that Koehler maintained a cooperative attitude toward the disciplinary proceedings, it found that Koehler did not seem remorseful. *See* BCGD Proc.Reg. 10(B)(2)(d).

{¶ 9} On review, we agree with the findings and recommendation of the board. Koehler circumvented, for convenience, the requirements for notarizing a document and thereby perpetrated a fraud upon all those who relied on the document he produced. *Lorain Cty. Bar Assn. v. Papcke*, 81 Ohio St.3d 91, 93-94, 689 N.E.2d 549 (1998). His actions violated the duty he owed to his client, the public, and the judicial system to ensure the authenticity of the documents executed at his direction. *Disciplinary Counsel v. Roberts*, 117 Ohio St.3d 99, 2008-Ohio-505, 881 N.E.2d 1236, ¶ 14. Moreover, by taking his secretary's notary stamp and signing and notarizing her name and his client's name to a

document, he engaged in actions that adversely reflect on the practice of law. *See id*.

{¶ 10} Therefore, we suspend Koehler from the practice of law in Ohio for six months. The suspension is stayed on the condition that Koehler commit no further misconduct. If Koehler violates the terms of the stay, the stay will be lifted and he will serve the entire suspension. Costs are taxed to Koehler.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan Coughlan, Disciplinary Counsel, and Carol Costa, Assistant Disciplinary Counsel, for relator.

Mark William Koehler, pro se.

_____