OHIO STATE BAR ASSN. *v.* HART.

[Cite as Ohio State Bar Assn. v. Hart, 15 Ohio St. 2d 97.]

(D. D. No. 86—Decided June 26, 1968.)

*Mr. James F. Shumaker* and *Mr. John R. Welch,* for relator.

*Mr. James C. Justice* and *Mr. Gordon Bolon,* for respondent.

*Per Curiam.* On March 10, 1966, an information was filed against respondent in the United States District Court for the Southern District of Ohio, Western Division, charging that respondent "did wilfully and knowingly fail to make and file" federal income tax returns for the calendar years of 1960, 1961 and 1962 in violation of Section 7203, Title 26, U. S. Code. Respondent was charged with having received a gross income of $29,874.70 in 1960, $28,804.28 in 1961 and $36,669.16 in 1962. Section 6012(a)(1), Title

26, U. S. Code, requires an individual having a gross income of $600 or more for the taxable year to file a federal income tax return.

To this information, respondent entered a plea of *nolo contendere*. Respondent was sentenced to two years imprisonment and was fined $2,000. The sentence of imprisonment was suspended and respondent was placed on probation for two years. The $2,000 fine has been paid.

In defense to the charged misconduct *respondent admits his failure to file the federal income tax returns,* but denies that such conduct violates the Canons of Professional Ethics. Respondent contends that prior to the taxable years in question, he made certain loans totaling $16,-700 to a dairy which were not paid, that he decided to write the bad debts off against his taxable income for the years 1960, 1961 and 1962, and that the aggregate of his otherwise net taxable income for those years was less than $16,-700. Respondent claims further that he believed that he was under no obligation to file a federal income tax return if his exemptions and deductions exceeded his gross income.

The record indicates that, while respondent did not specialize in the practice of tax law, he had prepared numerous income tax returns for his clients during his professional career and that he was entitled to practice before the Internal Revenue Service.

The evidence supports the charge that respondent violated Canons 29 and 32 of the Canons of Professional Ethics.

The question for determination is whether the discipline of suspension for an indefinite period from the practice of law recommended by the Board of Commissioners on Grievances and Discipline is warranted.

This court in *Cleveland Bar Assn.* v. *Bilinski* (1964), 177 Ohio St. 43, 201 N. E. 2d 878, and *Dayton Bar Assn.* v. *Prear* (1964), 175 Ohio St. 543, 196 N. E. 2d 773, held that the continued and totally unjustified failure of an attorney at law to file income tax returns is sufficient grounds to

warrant a suspension for an indefinite period from the practice of law regardless of whether any "moral turpitude" is involved. In light of these authorities, respondent's wholly unwarranted failure to file federal income tax returns for three consecutive years supports the board's recommendation of suspension for an indefinite period from the practice of law.

The case of *Doelker* v. *Accountancy Bd.* (1967), 12 Ohio St. 2d 76, 232 N. E. 2d 407, relied on by respondent, is not controlling.

The objections to the recommendation of the board are overruled, and the recommendation of the board is confirmed.

*Report confirmed and judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissents because he is of the opinion that a public reprimand would be sufficient.

TAFT, C. J., concurring. The instant case is clearly distinguishable from *Doelker* v. *Accountancy Bd.* (1967), 12 Ohio St. 2d 76, 232 N. E. 2d 407. In that case, the only evidence in the record, which is what this court reviewed, was a certified copy of Mrs. Doelker's conviction under Section 7203, Title 26, U. S. Code, of willfully failing to make an income tax return for one year.

As pointed out in the opinion, she could have been convicted of this crime because she had more than $600. gross income in that year although she had no income tax liability for the year. The majority of this court was of the opinion that the recital of the evidence against Mrs. Doelker in the opinion of the United States Court of Appeals represented at best the hearsay statement of what the record of the federal court case contained. Neither that record nor the opinion was offered in evidence in the Accountancy Board proceedings against Mrs. Doelker or in

the Common Pleas Court appeal therefrom. They were, therefore, not in the record which this court reviewed.

In the instant case, the record discloses charges that Hart had gross income of over $29,000 in 1960, over $28,000 in 1961, and over $36,000 in 1962. His untenable explanation as to why he filed no returns in any one of those three years demonstrates a serious lack of candor. His suggestion of losses of $16,700 in that period does not explain why he failed to file returns. The record evidence indicates a serious effort at tax evasion.

It is stated at page 80 in the opinion of the *Doelker* case:

" * * * There is nothing in the record to indicate that her conduct was reprehensible because of repeated failures to file such returns when they should have been filed, as in *Cleveland Bar Association* v. *Bilinski* (1964), 177 Ohio St. 43, 201 N. E. 2d 878; *Dayton Bar Association* v. *Prear* (1964), 175 Ohio St. 543, 196 N. E. 2d 773 * * *; or because of any effort to conceal her liability for payment of income taxes * * *."