18

[redacted]

CLEVELAND BAR ASSOCIATION *v.* ACKER.

[redacted]

(D. D. No. 71-3—Decided January 26, 1972.)

[redacted]

*Mr. Lester J. Farber, Mr. Thomas J. Scanlon* and *Mr. John A. Zangerle,* for relator.
*Mr. Fred N. Acker, in propria persona.*

*Per Curiam.* After his first conviction, respondent was sentenced to serve eight months in the Federal Reformatory in Milan. Following his release, respondent filed income tax returns and paid his deficiencies for the prior years. Sentence on the second conviction was suspended and respondent was placed on probation for five years. The offenses were misdemeanors. See *Ohio State Bar Assn.* v. *Hart* (1968), 15 Ohio St. 2d 97.

Respondent freely admits the convictions and the fur-

ther failure to file federal income tax returns for the years 1962 through 1970. However, he contends that his conduct did not offend Canons 29 and 32 because all his infractions were actuated solely by his conscientious belief that the federal government does not have the unlimited power to tax income. The impact of such taxation at the present rates, he submits, is confiscatory and beyond the taxing power granted to Congress by Section 8, Article I of the United States Constitution.

Relator contends that when respondent refused to heed the decisions of the federal courts after his first conviction (*Acker* v. *Commissioner* [C. C. A. 6, 1958], 258 F. 2d 568) and proceeded again to invite prosecution and conviction for the same charge, this conduct, with its resultant publicity, constituted a transgression of Canons 29 and 32. We agree.

This court has repeatedly held that successive convictions for willful and knowing failure to file income tax returns constitute a violation of Canons 29 and 32 warranting suspension for an indefinite period from the practice of law. *Dayton Bar Assn.* v. *Prear* (1964), 175 Ohio St. 543; *Ohio State Bar Assn.* v. *Hart, supra* (15 Ohio St. 2d 97); *Cleveland Bar Assn.* v. *Bilinski* (1964), 177 Ohio St. 43. Cf. *Cincinnati Bar Assn.* v. *Leroux* (1968), 16 Ohio St. 2d 10 (wherein the particular facts of the case persuaded this court to impose discipline of public reprimand).

Canon 29 requires that an attorney "should strive at all times to uphold the honor and to maintain the dignity of the profession." And, although the duty expressed in Canon 32 to "observe the statute law" is qualified until "a statute shall have been construed and interpreted by competent adjudication," the constitutionality of the congressional taxing power and of progressive income tax rates was not in doubt at the time of respondent's failure in 1958 to file an income tax return, after which the instant proceedings were instituted. *Acker* v. *Commissioner, supra* (258 F. 2d 568). See, also, *Brushaber* v. *Union Pacific Rd. Co.* (1916), 240 U. S. 1.

Thus, this record does not require us to decide whether respondent's first conviction, standing alone, offended Canon 32, particularly in the light of any civil remedy which might have been available for him to test the question which he sought to raise by his failure to file his tax return in 1946.

However, we cannot condone repeated violations of existing criminal law, notwithstanding the sincerity of respondent's belief in the inequities of that law. For, carried to its logical conclusion such conduct can only disrupt the very workings of government. The evidence, therefore, supports the charge that respondent's conduct transgressed Canons 29 and 32.

In accordance with the recommendation of the Board of Commissioners on Grievances and Discipline, respondent must be suspended for an indefinite period from the practice of law.

Respondent alleges that he was denied due process of law in that "no investigation" was held pursuant to Rule XVIII(8) of this court; and because "relator did not produce a prosecuting witness who did confront the respondent face to face."

We hold that the requirements of due process were met in that respondent was afforded a hearing, the right under Rule XVIII(31) and (32) of this court, to issue subpoenas and depose witnesses, and an opportunity for preparation to explain the circumstances surrounding his conviction. Furthermore, relator made an investigation sufficient for its purposes inasmuch as it established "reasonable cause" to institute disciplinary proceedings.

*Report confirmed and judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.*

BROWN, J., not participating.

---

*JUSTICE DUNCAN sat in this case during oral argument, but did not participate in the decision.