**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Maney,* **Slip Opinion No. 2017-Ohio-8799.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8799

DISCIPLINARY COUNSEL *v.* MANEY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Maney,* **Slip Opinion No. 2017-Ohio-8799.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client, knowingly making a false statement of material fact in connection with a disciplinary matter, and engaging in conduct prejudicial to the administration of justice—One-year suspension, with six months stayed and conditions.*

(No. 2016-1494—Submitted May 2, 2017—Decided December 6, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-074.

_____

**Per Curiam.**

{¶ 1} Respondent, Thomas Patrick Maney Jr., of Columbus, Ohio, Attorney Registration No. 0029042, was admitted to the practice of law in Ohio in 1983.

{¶ 2} In a December 1, 2015 complaint, relator, disciplinary counsel, alleged that Maney violated several professional-conduct rules by neglecting a single client's matter, failing to reasonably communicate with the client about the status of his case, and submitting false statements and evidence during the ensuing investigation.

{¶ 3} Based on the parties' stipulations and Maney's hearing testimony, a panel of the Board of Professional Conduct found that he committed all the charged misconduct and recommended that he be suspended from the practice of law for one year with six months stayed on conditions. The board adopted the panel's findings and recommendation.

{¶ 4} Maney objects to the board's report, arguing that the panel denied him due process by refusing to admit his counselor's report into the record and striking his former counsel's closing argument as untimely filed. For the reasons that follow, we overrule Maney's objections, adopt the board's findings of fact and misconduct, and suspend Maney from the practice of law in Ohio for one year with six months stayed on the conditions recommended by the board.

## Misconduct

{¶ 5} The parties stipulated and the board found that in October 2013, Patrick Baker retained Maney to represent him in a collection proceeding filed against him in the Franklin County Municipal Court. Maney answered the complaint later that month and attended a pretrial hearing. He did not, however, respond to the plaintiff's discovery requests or motion for summary judgment or forward the documents to Baker. The court granted the plaintiff's motion for summary judgment and entered a $3,061.35 judgment against Baker on June 12,

2014, and the court—not Maney—notified Baker of that judgment. The judgment was later stayed after Baker filed bankruptcy.

{¶ 6} When relator sent Maney a letter of inquiry regarding Baker's grievance, Maney knowingly lied in his response. He falsely stated that he had sent letters to Baker informing him of the status of his case, that he had given Baker the plaintiff's discovery requests, and that he had asked Baker to respond to those discovery requests on numerous occasions. In fact, he had done none of those things. Maney also gave relator copies of five letters that he claimed to have sent to Baker, though he later admitted that he fabricated those letters in an effort to conceal his neglect and abandonment of Baker's interests in the underlying litigation. In addition, Maney attempted to deflect blame away from himself and toward his client by telling relator that he should have withdrawn from the representation when Baker did not respond to his letters (that he never sent), but that he had hoped Baker would eventually respond and provide sufficient information for him to oppose the motion for summary judgment. Maney perpetuated those lies during an April 27, 2015 telephone conversation with relator.

{¶ 7} Relator confronted Maney in July 2015 and told him that his story was not believable, because Baker was adamant that his case had been neglected and the letters Maney had purportedly sent to Baker were directed to an address where Baker did not reside during the representation. At that point, Maney said, "[Y]ou got me," and he admitted that he had lied and fabricated documents during the investigation.

{¶ 8} During Maney's April 2016 deposition testimony, he testified that he realized that he had "bungled" Baker's case when he received a copy of the grievance. He further admitted that he had put Baker's file on a shelf and forgotten about it. While he asserted that he had no good-faith basis on which to oppose the plaintiff's motion for summary judgment, he acknowledged that he had failed to satisfy his continuing duty to communicate with his client.

**{¶ 9}** The parties stipulated and the board agreed that Maney's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 8.1(a) (prohibiting knowingly making a false statement of material fact in connection with a disciplinary matter), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).  The board also found that Maney violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) by failing to communicate with Baker or respond to the plaintiff's discovery requests and motion for summary judgment in Baker's case and by lying and submitting fabricated evidence during relator's investigation.

**{¶ 10}** We adopt these findings of fact and misconduct.

## Sanction

**{¶ 11}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), any other relevant factors, and the sanctions imposed in similar cases.

**{¶ 12}** As aggravating factors, the parties stipulated and the board found that Maney acted with a dishonest or selfish motive and that he submitted false statements and evidence during the disciplinary process.  *See* Gov.Bar R. V(13)(B)(2) and (6).

**{¶ 13}** In mitigation, the parties stipulated and the board found that Maney did not have a prior disciplinary record, that he had cooperated with relator and the board in all proceedings subsequent to the filing of the formal complaint, and that he had submitted 14 letters from individuals attesting to his good character and competence as an attorney.  *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

**{¶ 14}** Maney testified that he began drinking "way too much" sometime between April and July 2012.  He claimed that his drinking caused or contributed

4

to the lies that he told relator and that it continued until April 22, 2016—two days after his deposition—when he sought assistance from the Ohio Lawyers Assistance Program ("OLAP"). The board acknowledged that Maney voluntarily entered into a two-year OLAP contract that required him to attend 90 Alcoholics Anonymous meetings in 90 days and no less than three meetings per week thereafter. Pursuant to that contract, he was evaluated by and began treatment with a professional counselor. And on August 8, 2016, OLAP reported that Maney was in compliance with his contract.

{¶ 15} The board found, however, that Maney had neither satisfied nor claimed to have satisfied all of the factors required to qualify his substance-use disorder as an independent mitigating factor. Gov.Bar R. V(13)(C)(7) provides that a substance-use disorder will qualify as a mitigating factor when an attorney demonstrates the following: (a) the diagnosis of a disorder by a qualified healthcare or chemical-dependency professional, (b) the disorder contributed to cause the misconduct, (c) certification of successful completion of an approved treatment program, and (d) a prognosis from a qualified healthcare or chemical-dependency professional that the attorney will be able to return to the competent, ethical, and professional practice of law.

{¶ 16} The board afforded some mitigating effect to Maney's alcoholism, noting that we sometimes afford some mitigating effect to a contributing mental or substance-use disorder in the absence of evidence of each of those factors, *see*, *e.g.*, *Cleveland Metro. Bar Assn. v. Lemieux*, 139 Ohio St.3d 320, 2014-Ohio-2127, 11 N.E.3d 1157, ¶ 36, 39 (affording some mitigating effect to attorney's diagnosed chemical dependency given evidence of his sustained period of compliance with an OLAP contract and ongoing treatment); *Disciplinary Counsel v. Anthony*, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, ¶ 13 (affording some mitigating effect to diagnosed pathological gambling disorder given evidence of attorney's existing

OLAP contract, commencement of psychological treatment, and participation in Gamblers Anonymous).

{¶ 17} The parties did not stipulate to a recommended sanction and agreed to submit posthearing briefs in lieu of closing arguments by September 6, 2016. Relator recommends that Maney be suspended from the practice of law for six months. But Maney did not file a posthearing brief or seek an extension of time to do so before the deadline passed. Although he filed a motion for leave to file his brief the day after it was due, the panel chairperson overruled that motion and struck the untimely tendered brief from the record.

{¶ 18} Of the five cases the board considered in determining the appropriate sanction for Maney's misconduct, it found *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, and *Butler Cty. Bar Assn. v. Derivan*, 81 Ohio St.3d 300, 691 N.E.2d 256 (1998), to be most instructive.

{¶ 19} Like Maney, Broeren neglected a client's case and later fabricated correspondence in an attempt to conceal his neglect. As aggravating factors, we found that Broeren failed to timely respond to the ensuing disciplinary investigation, though he eventually cooperated, failed to acknowledge all of his misconduct, and caused financial harm to a client. *Id.* at ¶ 23. Mitigating factors included the absence of a prior disciplinary record and evidence of Broeren's good character and professional reputation apart from his misconduct. *Id.* Finding that the mitigating factors did not outweigh Broeren's attempt to conceal his misconduct by submitting false evidence, *id.*, we suspended him from the practice of law for six months and ordered him to pay restitution of $1,000 to his client, *id.* at ¶ 23, 28.

{¶ 20} We likewise suspended Derivan from the practice of law for six months for failing to file a client's case before the applicable statute of limitations and attempting to exonerate himself by manufacturing and submitting false documents to the certified grievance committee. *Derivan* at 301-302.

**{¶ 21}** Citing Maney's neglect of his client's legal matter and "his extensive and prolonged attempts" to cover up his neglect by fabricating evidence and submitting it to relator, and affording some mitigating effect to his substance-use disorder, the board recommended that he be suspended from the practice of law for one year with six months stayed on conditions.

### Objections

**{¶ 22}** Maney objects to the board's recommended sanction and argues that the board committed two procedural errors that substantially impaired his defense and deprived him of due process.

**{¶ 23}** First, Maney asserts that the board erred by refusing to either admit into evidence or permit him to proffer an e-mail from his counselor that "could have satisfied" the remaining criteria to qualify his substance-use disorder as a mitigating factor. Second, he argues that the board unduly punished him by prohibiting his former counsel from filing his posthearing brief one day after the established deadline.

**{¶ 24}** "[D]ue process requirements in attorney-discipline proceedings have been satisfied when the respondent is afforded a hearing, the right to issue subpoenas and depose witnesses, and an opportunity for preparation to explain the circumstances surrounding his actions." *Disciplinary Counsel v. Character,* 129 Ohio St.3d 60, 2011-Ohio-2902, 950 N.E.2d 177, ¶ 76, citing *Cleveland Bar Assn. v. Acker*, 29 Ohio St.2d 18, 20, 278 N.E.2d 32 (1972).

**{¶ 25}** In this case, the board has afforded Maney all the process that he is due. The hearing in this case was originally scheduled on May 13, 2016. But on April 1, 2016, the panel chairperson granted the parties' joint motion to extend the discovery deadline to permit time for the parties to depose Maney and relator's witnesses.

**{¶ 26}** At Maney's April 20, 2016 deposition, he testified that he had no problems with drugs or alcohol. Just three weeks later—and five days before his

scheduled disciplinary hearing—Maney disclosed that he had entered into an OLAP chemical-dependency contract and stated his intention to call an OLAP representative as a witness at his upcoming hearing. Following those belated disclosures, the panel chairperson delayed Maney's disciplinary hearing for three months.

**{¶ 27}** One day before the August 16, 2016 hearing, the parties stipulated to the authenticity and admissibility of a report detailing Maney's compliance with his OLAP contract and of a letter from an attorney who agreed to serve as Maney's mentor. Those exhibits were admitted to the record at the hearing. But the parties did not stipulate to the admissibility of the e-mail that Maney now claims is essential to his defense. Nor did Maney's counsel depose Maney's counselor or call him as a witness—though he had ample opportunity to do so. Therefore, we find that the panel chairperson properly excluded the e-mail on the grounds that it was hearsay.

**{¶ 28}** In addition, Maney, through his counsel, failed to comply with the deadline established for the submission of posthearing briefs in this matter. "[I]t is well established that failure to follow procedural rules can result in forfeiture of rights," and due process does not require us to afford Maney a second chance to argue his case. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997). Therefore, we overrule Maney's objections.

**{¶ 29}** Having reviewed the record evidence, we are not persuaded that the outcome of this case would be any different if Maney successfully demonstrated that his substance-use disorder qualified as an independent mitigating factor. In fact, we have previously imposed a one-year suspension with six months stayed on conditions on an attorney who filed several fraudulent documents in court—despite proof of that attorney's recently diagnosed mitigating mental disorder. *See Warren Cty. Bar Assn. v. Vardiman*, 146 Ohio St.3d 23, 2016-Ohio-352, 51 N.E.3d 587, ¶ 7-8, 14, 21. The recommended sanction is even more appropriate in this case

given that OLAP's August 8, 2016 report suggests that approximately four months before his disciplinary hearing, Maney was diagnosed with three mental disorders in addition to his substance-use disorder. *See, e.g.*, *Cleveland Metro. Bar Assn. v. Fonda*, 138 Ohio St.3d 399, 2014-Ohio-850, 7 N.E.3d 1164, ¶ 31 (finding that just over three months of treatment was not a sustained period of successful treatment for purposes of establishing a mitigating mental disorder); *Disciplinary Counsel v. Anthony*, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, ¶ 13 (finding that three-month period between execution of OLAP contract and panel hearing was insufficient to establish sustained period of successful treatment for gambling addiction).

**{¶ 30}** Given his misconduct, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, we agree that a one-year suspension with six months stayed on the conditions recommended by the board is necessary and appropriate in this case.

**{¶ 31}** Accordingly, we suspend Thomas Patrick Maney Jr. from the practice of law for one year with six months stayed on the conditions that he remain in compliance with his existing OLAP contract, engage in no further misconduct, and pay the costs of these proceedings. If Maney violates any condition of the stay, the stay will be lifted and he will serve the entire one-year suspension.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents.

————————————

Scott J. Drexel, Disciplinary Counsel, Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Charles J. Kettlewell, L.L.C., and Charles J. Kettlewell, for respondent.

_____