**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Hadeed,* **Slip Opinion No. 2019-Ohio-4537.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4537

LORAIN COUNTY BAR ASSOCIATION *v.* HADEED.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Hadeed,* Slip Opinion No. 2019-Ohio-4537.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—One-year suspension, with the final six months stayed on conditions.*

(No. 2019-0823—Submitted July 9, 2019—Decided November 7, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-002.

_____

**Per Curiam.**

{¶ 1} Respondent, Samir George Hadeed, of Pittsburgh, Pennsylvania, Attorney Registration No. 84433, was admitted to the practice of law in Ohio in 2008. In January 2019, relator, Lorain County Bar Association, charged him with committing professional misconduct in a client matter and providing false evidence during the ensuing disciplinary investigation. The Board of Professional Conduct

considered the case on the parties' consent-to-discipline agreement and two supplements to that agreement.[1] *See* Gov.Bar R. V(16).

{¶ 2} The parties stipulated to the following facts.

{¶ 3} Hadeed agreed to represent Shaundale Brown in a criminal matter for a $15,000 flat fee, of which Brown paid $9,500. Hadeed failed to advise Brown that if Hadeed did not complete the representation, Brown might be entitled to a refund of all or a portion of the flat fee—as required by Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt" or in similar terms without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation).

{¶ 4} Hadeed later withdrew from the representation and failed to refund any of Brown's fee, which led to Brown's filing a grievance with relator. During relator's investigation, Hadeed produced a copy of a purported engagement letter, which he claimed that he had given to Brown in compliance with Prof.Cond.R. 1.5(d)(3). Hadeed later admitted, however, that he had fabricated the letter after receiving notice of relator's disciplinary investigation.

{¶ 5} Hadeed subsequently retained counsel to represent him in the disciplinary process and supplemented his response to Brown's grievance. As part of the supplemental response, Hadeed submitted 28 "letters of support" from various individuals, including judges and other lawyers. Hadeed initially advised relator that the authors of those letters were aware of the circumstances that had led to Hadeed's pending disciplinary investigation. Hadeed later acknowledged, however, that when he solicited the letters, some of the authors were not aware of

---

1. A three-member panel of the board requested that the parties supplement the consent-to-discipline agreement to correct typographical errors and include exhibits that were referred to in, but not attached to, the original agreement.

the grievance against him or the purpose for which he had intended to use their letters.

{¶ 6} The parties stipulated to the following misconduct. By refusing to refund any portion of Brown's fee after withdrawing from the representation, Hadeed violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from collecting an excessive fee). By failing to advise Brown in writing that he may be entitled to a refund of all or a portion of the quoted flat fee, Hadeed violated Prof.Cond.R. 1.5(d)(3). By falsely stating to relator that he had given Brown the fabricated engagement letter, Hadeed violated Prof.Cond.R. 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter). And by failing to disclose that some of the individuals who wrote letters in support of Hadeed were neither aware of the pending disciplinary investigation nor notified of the intended purpose of the letters, Hadeed violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from failing to disclose a material fact in response to a demand for information from a disciplinary authority).

{¶ 7} The parties also stipulated that as an aggravating factor, Hadeed submitted false evidence and used deceptive practices during the disciplinary process. *See* Gov.Bar R. V(13)(B)(6). The parties agreed that in mitigation, Hadeed lacks a prior disciplinary record, he eventually disclosed that he had falsified evidence and thereafter exhibited a cooperative attitude toward the disciplinary process, and he acknowledged the wrongful nature of his misconduct. *See* Gov.Bar R. V (13)(C)(1) and (4). As a sanction, the parties jointly recommend that Hadeed serve a one-year suspension, with six months stayed on conditions, including that he refund one-half the fee he had collected from Brown.

{¶ 8} The board found that the consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16). To support the recommended sanction, the board cited two similar cases involving lawyers who committed professional misconduct and then submitted false evidence during the disciplinary process. In

*Disciplinary Counsel v. Maney*, 152 Ohio St.3d 201, 2017-Ohio-8799, 94 N.E.3d 533, the attorney neglected a client matter and failed to communicate with the client about the status of the case. During the ensuing disciplinary investigation, the lawyer falsely stated that he had sent letters to his client regarding the status of the case and that his client had failed to respond to those purported letters. The attorney also gave the relator copies of five of the purported letters, but he later admitted that he had fabricated the letters in an attempt to conceal his neglect. We suspended the attorney for one year, with six months stayed on conditions.

{¶ 9} And in *Disciplinary Counsel v. Smith*, 152 Ohio St.3d 131, 2017-Ohio-8821, 93 N.E.3d 955, the attorney neglected a client's case, made a false representation to a court after missing a filing deadline, and failed to deposit advanced legal fees into a client trust account. During his disciplinary investigation, the attorney gave the relator draft copies of a brief and motion that he claimed were prepared while representing the client. The attorney later admitted, however, that he had created the documents solely to submit them with his response to the grievance. We adopted the parties' consent-to-discipline agreement and suspended the attorney for 18 months, with the final 12 months conditionally stayed.

{¶ 10} We agree that Hadeed violated Prof.Cond.R. 1.5(a), 1.5(d)(3), 8.1(a), and 8.1(b) and that in accord with *Maney* and *Smith*, a one-year suspension, with six months conditionally stayed, is the appropriate sanction in this case. We therefore accept the parties' consent-to-discipline agreement.

{¶ 11} Samir George Hadeed is suspended from the practice of law for one year, with the final six months of the suspension stayed on the conditions that he refund $4,750 to Shaundale Brown within 60 days of our disciplinary order and refrain from any further misconduct. If Hadeed fails to comply with either condition of the stay, the stay will be lifted and he will serve the entire one-year suspension. Costs are taxed to Hadeed.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Wickens Herzer Panza, Daniel A. Cook, and Malorie A. Alverson, for relator.

Reminger Co., L.P.A., and Holly Marie Wilson; and Friedman & Nemecek, L.L.C., and Ian N. Friedman, for respondent.

_____